IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

SHARON VERONICA D'SOUZA

           Plaintiff,

    -against-

UR M JADDOU, in her official capacity as Director, United States Citizenship and Immigration Services, ALEJANDRO MAYORKAS, in his official capacity as Secretary of Department of Homeland Security, ALISSA L. EMMEL, in her official Capacity as Chief, Immigrant Investor Program Office, United States Citizenship and Immigration Services, MERRICK GARLAND, in his official capacity as Attorney General of the United States of America, DAMIAN WILLIAMS, in his official capacity as United States Attorney for the Southern District of New York,

           Defendants.

Case No. _____

**COMPLAINT FOR WRIT OF MANDAMUS COMPELLING ADJUDICATION OF PERMANENT RESIDENCE APPLICATION**

Plaintiff Sharon Veronica D'Souza seeks a writ of mandamus compelling the adjudication of the I-829, Petition By Entrepreneur to Remove Conditional Basis of Lawful Permanent Residence Status Application (hereinafter the "Petition") she filed on behalf of herself and her derivative beneficiary, her son, Craig.

PRELIMINARY STATEMENT

1.     Plaintiff brings this action to compel Defendants to adjudicate her Petition. *See* Exhibit A (excerpt of Form I-829, Petition By Entrepreneur to Remove Conditional Basis of Lawful Permanent Residence Status). Plaintiff became eligible to become an unconditional lawful

permanent resident, and applied for that status on June 24, 2020.  *See* Exhibit B (I-829 Receipt Notices for Sharon Veronica D'Souza and Craig D'Souza).  Defendants were required under the law either to waive the requirement for an interview and adjudicate the Petition, or arrange for an interview, within 90 days of the date on which the Petition was filed.  8 CFR § 1216.6(c)(1).  They failed to do either.

2.      Instead, on December 26, 2021, Defendants extended Plaintiff's conditional resident status for an additional 24 months; this was reaffirmed on March 15, 2022, when Defendants sent a similar notice of extension also referencing her beneficiary (Craig D'Souza) for an additional 24 months.  *See* Exhibit C (I-829 Receipt Notice, Notices of Extension for Sharon Veronica D'Souza and Craig D'Souza).

3.      Plaintiff's Petition remains unadjudicated, subjecting Plaintiff and Plaintiff's family to the stress of residential uncertainty and displacement, arising from Defendants' unreasonable and unnecessary administrative delays and bureaucratic lethargy. It costs the Plaintiff and her son time and money to apply repeatedly for extensions of their temporary residency while the Petition is pending, and the I-551 stamp process, once implemented, is lengthy.  The delay also requires Plaintiff to travel from overseas, where she is temporarily employed, to the U.S. to meet processing obligations, costing Plaintiff thousands of dollars in travel-related expenses, as well as time lost at work.  Finally, the naturalization applications for Plaintiff and her son cannot be adjudicated or approved until the I-829 Petition is decided.  Plaintiff must expend thousands of dollars in legal fees and application fees to obtain a reentry permit to work abroad for an extended period of time, which she would not otherwise have to pay if she could obtain naturalization.  In addition, Plaintiff's son seeks to secure naturalization to strengthen his employment and graduate school applications.  There appears to be no end in sight to the continuing delays and attendant costs.

2

4.      As set forth below:  (i) Plaintiff has a clear right to the relief requested; (ii) Defendants have a clear duty to perform the acts in question; and (iii) no other adequate remedy is available.

<u>JURISDICTION AND VENUE</u>

5.      This Court has jurisdiction over this case under 5 U.S.C. §§ 702 and 706, and 28 U.S.C. §§ 1331, 1361, 2201 and 2202.  Venue is proper in this district under 28 U.S.C. § 1391(e).

<u>PARTIES</u>

6.      Plaintiff Sharon Veronica D'Souza is a 56-year-old citizen of India and a resident of 303 East 43rd Street, Apt. 12C, New York, NY 10017.

7.      Defendant Alejandro Mayorkas is the Secretary of the U.S. Department of Homeland Security, and as such is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens.  He is sued in his official capacity only.

8.      Defendant Ur M Jaddou, is the Director of the United States Citizenship and Immigration Services ("USCIS"), an agency of the United States Department of Homeland Security, and as such is charged with administering and enforcing the laws related to immigration and nationality pursuant to a delegation of authority from the Secretary of Homeland Security of the United States under 8 U.S.C. §1103(a).  She is sued in her official capacity only.

9.      Defendant Alissa L. Emmel is the Chief, of the Immigrant and Investor Program Office, USCIS, and as such is responsible for managing and overseeing the processing of applications for permanent residence received by that office.  She is sued in her official capacity only.

10.      Defendant Merrick Garland is the Attorney General of the United States, and as such

is charged by statute with the administration and enforcement of the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

11.    Defendant Damian Williams is the United States Attorney for the Southern District of New York, and as such is charged by statute with the administration and enforcement of the laws of the United States including the Immigration and Nationality Act and all other laws relating to the immigration and naturalization of aliens. He is sued in his official capacity only.

<u>FACTS</u>

12.    Plaintiff's I-526, Petition for Immigrant Investor application was granted by the United States Citizenship and Immigration Services on May 23, 2017. *See* Exhibit D (I-526 Approval Notice). She subsequently applied for and was issued conditional permanent residence status in the United States on August 23, 2018. *See* Exhibit E (copy of Plaintiff's conditional permanent residence "green card").

13.    On June 24, 2020, within 90 days of the second anniversary of her receipt of conditional permanent residence, as required by 8 CFR § 216.6(a)(1), Plaintiff filed the Petition, on behalf of herself and her dependent son. *See* Ex. B.

14.    At that time, Plaintiff submitted all the evidence required, pursuant to 8 CFR § 216.6(a)(4), to remove the conditional basis of her lawful permanent residence status, including:

(i) Evidence that she had invested in an established commercial enterprise (namely, HY Manhattan Tower A-2 LLC, a Delaware limited liability company established on September 5, 2014 and still in good standing with the State of Delaware as of the date the I-829 Petition was filed (the "NCE")), that served to aggregate $85.5 million of capital Commitments for

4

the development and construction of a portion of the Related New York City Metro Regional Center ( a USCIS designated regional center that includes New York County in the State of New York) ("RNYCMRC"), including, but not limited to the construction of a: (1) 69-story, approximately 1,270 feet tall office tower, (2) 1.0 million gross square foot, 11-story retail space that will be connected to the North Office Tower, (3) a 3-story building and associated outdoor space for food and beverage use, and (4) a landscape sculpture approximately 150 feet in height ((1)-(4) collectively "the Phase II EB-5 Project" ). *See* Ex. A, at Exhibit 1 (Regional Center Approval Letters). RNYCMRC continues to administer the Phase II EB-5 Project, as well as the eleven new commercial enterprises associated with the Phase II EB-5 Project. *Id.* at Ex. 2 (Regional Center Services Agreement and Joinders).

(ii) Evidence that she had invested $500,000 in the NCE;

(iii) Evidence that she maintained (as she has continued to maintain) the "at risk" capital investment in the NCE during her two-year conditional residency period; and

(iv) Based on the approved econometric modeling for HY Manhattan Tower A-2 LLC, the Phase II EB-5 Project's expenditures have created total net new job impacts of 794 jobs in Year 1 (2014); 4,025 jobs in Year 2 (2015); 16,999 jobs in Year 3 (2016); and 18,250 jobs in Year 4 (2017). This is sufficient job creation for all 1,483 EB-5 investors in all eleven new commercial enterprises associated with the Phase II EB-5 Project, including Plaintiff.

15.    Upon receipt of Plaintiff's Petition, Defendants were required either to waive the requirement for an interview and adjudicate the Petition, or arrange for an interview, within 90 days of June 24, 2020, the date on which the Petition was filed. 8 CFR § 216.6(c)(1). They failed to do either.

16.     Instead, on December 26, 2021, as reaffirmed on March 15, 2022, Defendants extended Plaintiff's conditional resident status for an additional 24 months.  *See* Ex. C (I-829 Receipt Notice, Notice of Extension).

17.     On November 7, 2020, Defendants served an ASC Biometrics Notice for Plaintiff to appear on December 4, 2020.  She advised the agency that she was unable to appear on that date and, on December 14, 2020, Defendants issued a second ASC Biometrics Notice for Plaintiff to appear on January 4, 2021.  She did so. A third ASC Biometrics Notice was issued in error to Plaintiff on September 25, 2021, for Plaintiff to appear on October 19, 2021. Plaintiff appeared for that appointment as well.  *See* Exhibit F (I-829 ASC Biometrics Notices, dated, respectively, 11/7/20, 12/14/20, and 9/25/21).  Attendance at each of these appointments requires international travel by Plaintiff, as she is on temporary work assignment abroad.  On December 10, 2020, Defendants served an ASC Biometrics Notice for Craig D'Souza to appear on January 4, 2021. *See* Exhibit G (I-829 ASC Biometrics Notice).   He did so.  USCIS did not require that Craig D'Souza appear for a second appointment.

18.     Although Plaintiff has more than met all the requirements for the positive adjudication of her Petition resulting in the removal of the conditional basis of her lawful permanent residence status, her application has languished interminably as a result of agency inaction. Plaintiff's Petition for removal of conditions of residency has now remained unadjudicated for well over two years.

<u>CLAIM FOR WRIT OF MANDAMUS</u>

19.     Plaintiff restates the allegations set forth in Paragraphs 1-18 as if fully set forth herein.

20.     The Administrative Procedures Act places the following obligation on federal agencies like the USCIS: "With due regard for the convenience and necessity of the parties or their representatives ***and within a reasonable time***, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b) (emphasis added). The USCIS has violated its duty to Plaintiff imposed by 5 U.S.C. § 555(b).

21.     Defendants' delay in adjudicating Plaintiff's application is certainly unreasonable. The time set by statute for adjudicating such applications is 90 days from the time of filing, unless an interview is requested within that timeframe. It has been over two years, and there has been neither a request for an interview nor an adjudication.

22.     Defendants' actions, as set forth above, constitute final agency action. Plaintiff has complied with all of the USCIS's requirements and instructions in order to have her Petition for unconditional permanent residence adjudicated. Defendants have failed to act. Plaintiff is entitled to an immediate adjudication.

23.     Unless and until Defendants perform their legal duties, Plaintiff will continue to be damaged in the following ways (among others):

(a) So long as her Petition is pending, Plaintiff and Plaintiff's son are restricted from travel by federal regulations that require special permission to travel abroad during the pendency of such applications. In order to travel, Plaintiff and her son have been forced to repeatedly apply (and pay) for special travel permission, and are unable to travel for extensive periods of time, while a I-131, Reentry Permit application has been pending. This situation operates to the great inconvenience and harassment of Plaintiff and her son.

(b) So long as her Petition is pending, Plaintiff's son's applications to secure employment or

placement in graduate school are hampered due to the uncertainty of his residential status.

(c) So long as her Petition is pending, Plaintiff and her son must expend time and money to apply for extensions of their temporary residency.

(d) So long as her Petition is pending, the pending naturalization applications for Plaintiff and Plaintiff's son cannot be adjudicated or approved.

24.    As set forth above, Plaintiffs have a clear right to the relief requested, Defendants have a clear duty to perform the acts in question, and no other adequate remedy is available.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that this Court:

A.    Order Defendants to adjudicate, without any further delay, Plaintiff's I-829, Petition to Remove Conditions of Permanent Residence and to immediately issue her and her son evidence of unrestricted permanent residence if her application is approved;

B.    Grant Plaintiff her costs of suit and reasonable attorneys' fees pursuant to 28 U.S.C. §2412; and

C.    Grant all additional relief to which Plaintiff may be entitled.


Dated: New York, New York
        January 6, 2023

                                        **GREENBERG TRAURIG, LLP**

                                        By:   */s/ Jaclyn DeMais*
                                              Jaclyn DeMais
                                              demaisj@gtlaw.com
                                              One Vanderbilt Avenue
                                              New York, NY 10017
                                              212.801.9200

*Attorneys for Plaintiff Sharon Veronica D'Souza*